[Cite as *State v. Littlejohn*, 2014-Ohio-5343.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101491**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ROBERT LITTLEJOHN**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-578942-A

**BEFORE:** McCormack, J., Boyle, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 4, 2014

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, OH 44067


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Fallon Radigan
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Robert M. Littlejohn, appeals from the imposition of his prison terms in Cuyahoga C.P. No. CR-13-578942-A to be served consecutive to his prison terms in Cuyahoga C.P. Nos. CR-13-581460, CR-13-580807, and CR-10-545629-B. After a careful review of the record and relevant case law, we reverse appellant's sentence and remand for proceedings consistent with this opinion.

## I. Procedural History

{¶2} On October 16, 2013, the Cuyahoga County Grand Jury returned an eight-count indictment against appellant in Cuyahoga C.P. No. CR-13-578942-A. Counts 1, 3, 5, and 7 charged appellant with breaking and entering, a felony of the fifth degree. Count 2 charged appellant with theft, a misdemeanor of the first degree. Counts 4 and 8 charged appellant with vandalism, a felony of the fifth degree. Count 6 charged appellant with theft, a felony of the fifth degree.

{¶3} Following a bench trial, the court found appellant guilty of Counts 1, 2, 3, and 4. Appellant was found not guilty of Counts 5, 6, 7, and 8.

{¶4} On May 15, 2014, appellant was sentenced on multiple cases. In Cuyahoga C.P. No. CR-10-545629-B, the appellant received a sentence of 12 months. In Cuyahoga C.P. No. CR-13-581460, appellant received a sentence of nine months to run consecutive with the other cases. In Cuyahoga C.P. No. CR-13-580807, the appellant received a sentence of a one year on each count (concurrent) to run consecutively to the other cases. In the instant case, Cuyahoga C.P. No. CR-13-578942-A, the appellant received a sentence of six months on each count (concurrent) but to run consecutively to the other cases. The appellant received a total prison term of three years and three months.

**{¶5}** Appellant now brings this timely appeal, raising one assignment of error for our review.

## II. Law and Analysis

**{¶6}** In his sole assignment of error, appellant argues that the trial court failed to make all the factual findings necessary to sentence appellant to consecutive sentences under R.C. 2929.14.

### Standard of Review

**{¶7}** R.C. 2953.08(G)(2) states that when reviewing felony sentences, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2).

### Consecutive Sentences

**{¶8}** R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} The presumption in Ohio is that sentencing is to run concurrent, unless the trial court makes the R.C. 2929.14(C)(4) findings for consecutive sentences. *State v. Evans*, 8th Dist. Cuyahoga No. 100151, 2014-Ohio-3584, ¶ 25, citing *State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11; R.C. 2929.41(A).

{¶10} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, "and by doing so it affords notice to the offender and to defense counsel." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. "Findings," for these purposes, means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). The failure to make consecutive sentence findings is contrary to law. *See State v. Jones*, 93 Ohio St.3d 391, 399, 754 N.E.2d 1252 (2001).

{¶11} In this case, the state concedes that the trial court did not make the findings that the consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Our review of the record substantiates the error. We therefore vacate the sentence and remand the case for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4)

and, if so, to make the required findings on the record and incorporate those findings into the court's sentencing entry. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

**{¶12}** Appellant's sole assignment of error is sustained.

**{¶13}** Reversed and remanded to the trial court for resentencing consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY J. BOYLE, A.J., and
MELODY J. STEWART, J., CONCUR