[Cite as *State v. Olp*, 2016-Ohio-3508.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2015-A-0033 and 2015-A-0034** |
| JAMES O. OLP, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case Nos. 2014 CR 068 and 2014 CR 069.

Judgment: Affirmed and remanded.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Thomas Rein,* 820 Superior Avenue, Suite 800, Cleveland, OH 44113 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, James O. Olp, appeals his consecutive sentences for OVI convictions in the Ashtabula County Court of Common Pleas. The issue to be determined by this court is whether sufficient findings were made to order consecutive sentences when the trial court expressed concern about the defendant's lengthy history of OVIs and that he may "kill an innocent person," without using the exact statutory

language found in R.C. 2929.14(C)(4)(c). For the following reasons, we affirm the judgment of the trial court but remand for the issuance of a nunc pro tunc entry.

{¶2} On February 20, 2014, in Ashtabula Case No. 2014 CR 068, Olp was indicted by the Ashtabula County Grand Jury for Operating a Vehicle While Under the Influence (Count One), a felony of the third degree, in violation of R.C. 4511.19(A)(2)(b) and (G)(1)(e), with a specification of five prior OVI convictions in the past 20 years; and Operating a Vehicle While Under the Influence (Count Two), a felony of the third degree, in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(e), with the same specification. This indictment was for offenses committed on July 26, 2013.

{¶3} On the same date, in Ashtabula Case No. 2014 CR 069, Olp was indicted by the Ashtabula County Grand Jury for the same charges, arising from separate conduct that occurred on August 17, 2013. The two cases proceeded separately, with different judges.

{¶4} A Written Plea of Guilty was filed on October 6, 2014, in Case No. 2014 CR 069, in which Olp pled guilty to Count One. The State agreed to dismiss the specification on Count One and the entirety of Count Two. This plea was accepted by the court and documented in an October 7, 2014 Judgment Entry.

{¶5} In Case No. 2014 CR 068, a Written Plea of Guilty was filed on April 8, 2015, in which Olp agreed to plead guilty to Count Two and the accompanying specification, and the State agreed to dismiss Count One and the specification. The entry and acceptance of the guilty plea was documented in an April 8, 2015 Judgment Entry.

**{¶6}** A sentencing hearing was held on Case No. 2014 CR 069 on June 12, 2015. At that hearing, the prosecutor recommended that Olp be ordered to serve the minimum 120 day sentence. The court noted Olp's extensive criminal record, including past OVIs and ordered him to serve the 120 days and a three year term of incarceration. The court filed a Judgment Entry of Sentence on June 17, 2015, which ordered him to serve the terms "consecutively."

**{¶7}** A sentencing hearing was also held in Case No. 2014 CR 068 on June 12, 2015. During that hearing, the court outlined Olp's multiple prior OVIs, noting that he committed the OVI offenses that are the subject of this appeal within 22 days of each other and another felony OVI in Geauga while awaiting sentencing. The court imposed a lifetime license suspension, and consecutive sentences of two years for the OVI offense and four years for the specification. This six-year term was ordered to be consecutive to the sentence in 2014 CR 069. The court expressed concern that it was afraid "when you get out you're going to drink again and you're going to go kill some innocent person because you won't stop."

**{¶8}** A Judgment Entry of Sentence was filed on June 12, 2015, stating the aforementioned prison term. It included these findings that were also made at the hearing: "Consecutive terms should be imposed because it is necessary to protect the public and punish the defendant. Consecutive sentences are not disproportionate to the conduct of the defendant and to the danger he poses to the public."

**{¶9}** Olp timely appeals and raises the following assignment of error:

**{¶10}** "The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86."

3

{¶11} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶12} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present. The pertinent factor in this case is whether "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(C)(4)(c).

{¶13} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Otherwise, the sentence is contrary to law. *Id.*

4

{¶14} Olp argues that the trial court erred in Case No. 14 CR 068 when it ordered that his four-year sentence be served consecutively with the two-year sentence for a total term of six years and also when it ordered that the six-year term be served consecutively with the sentence in Case No. 14 CR 069. This is based on the contention that not all necessary consecutive sentencing findings were made.

{¶15} As an initial matter, there is no dispute that the court made the findings in R.C. 2929.14(C)(4), relating to protecting the public, punishing Olp, and whether the sentence was disproportionate. It stated these findings at the sentencing hearing and in the Judgment Entry of Sentence. The issue, then, is whether the court made the necessary finding under (C)(4)(a)-(c).

{¶16} As noted above, the relevant required finding in this case is that Olp's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime" committed by him. R.C. 2929.14(C)(4)(c).

{¶17} It is clear from a review of the record that the trial court did not make a finding specifically stating the foregoing language. The sentencing transcript demonstrates that the court did express a clear understanding of Olp's extensive record of OVIs. The court described the dates and locations of the prior OVIs, stating that Olp's record was "somewhat impressive." It also noted that he was arrested for the two OVIs that are the subject of this appeal within a 22 day period. Significantly, right after ordering the consecutive sentences, the court stated: "Mr. Olp, I can tell you you are a defendant that scares the heck out of Judges, because we're afraid that when you get out you're going to drink again and you're going to kill some innocent person because you won't stop." This shows that the court, although not explicitly stating the words

5

contained in the statute, considered Olp's repeated criminal conduct and the harm it could cause to the public. The Supreme Court of Ohio has held that a "word-for-word recitation" of the language of the sentencing statutes is not required. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶18} Courts have reached similar conclusions when the trial court made statements demonstrating the relevant factor had been considered, even if not stated in the exact terms in the statute. In *Bonnell*, the Ohio Supreme Court, after reviewing the trial court's statements during the sentencing hearing, which included a reference to Bonnell's "atrocious" criminal record, concluded "that the court found that Bonnell's 'atrocious' record related to a history of criminal conduct that demonstrated the need for consecutive sentences to protect the public from future crime." *Id.* at ¶ 33. This was the case even though the trial court did not make this specific statement. *See also State v. Schmiege*, 11th Dist. Lake No. 2015-L-020, 2015-Ohio-4029, ¶ 12 (where the court did not expressly find that the appellant's crimes were part of a course of conduct, pursuant to R.C. 2929.14(C)(4)(b), repeated references to the crimes committed were sufficient to meet the statutory mandate).

{¶19} While the trial court did make adequate findings at the sentencing hearing, it failed to comply with the requirement to include those in the Judgment Entry of Sentence. Under these circumstances, it is appropriate to remand this matter to the trial court for the issuance of a nunc pro tunc entry. As this court has explained, where the

6

trial court "made the necessary findings at the sentencing hearing that were supported by the record[,] * * * [t]he omission * * * [is] merely clerical and, as a result, [is] capable of correction through a nunc pro tunc entry," rather than a new sentencing hearing. *State v. Moore*, 11th Dist. Geauga No. 2014-G-3195, 2014-Ohio-5183, ¶ 19. A sentencing court's "inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law[.]" *Bonnell* at ¶ 30. *Also State v. Hargrove*, 10th Dist. Franklin No. 15AP-102, 2015-Ohio-3125, ¶ 25-26 (affirming but remanding for the trial court to include consecutive sentencing findings made at the hearing into a nunc pro tunc entry); *see State v. Purtilo*, 11th Dist. Lake No. 2015-L-003, 2015-Ohio-2985, ¶ 18.

{¶20} Olp cites various Eighth District cases in support of his position. *State v. Littlejohn*, 8th Dist. Cuyahoga No. 101491, 2014-Ohio-5343, and *State v. Matthews*, 8th Dist. Cuyahoga No. 97916, 2012-Ohio-5174, are distinguishable. In those cases, the court found that, based on the record, not all required consecutive sentencing findings were made. There is nothing to indicate that the record in those cases was similar to the present case, where adequate findings were made to conclude that the court considered the necessary sentencing factors.

{¶21} *State v. Blackburn*, 8th Dist. Cuyahoga Nos. 97811 and 97812, 2012-Ohio-4590, and *State v. Lebron*, 8th Dist. Cuyahoga No. 97773, 2012-Ohio-4156, also cited by Olp, actually support this court's holding. In both cases, the Eighth District found that a discussion of the defendant's criminal history, "could equate to making * * * the finding[]" that the offender's history of criminal conduct demonstrates that

7

consecutive sentences are necessary to protect the public from future crime. Reversal was warranted in the cases only due to the failure to consider the proportionality factor, not at issue here. *Lebron* at ¶ 15; *Blackburn* at ¶ 36.

**{¶22}** Finally, although the State contends that the foregoing sentence was proper, it argues that statutory findings under R.C. 2929.14(C)(4) were not made in 2014 CR 069 and thus, that part of the sentence should be reversed and remanded. Although Olp did file a Notice of Appeal on 2014 CR 069, he does not directly challenge that sentence. Instead, he takes issue with the consecutive two and four year terms in 14 CR 068, as well as the determination in that case that the six-year total sentence should be served consecutively with the one imposed in 14 CR 069. Regardless, R.C. 2929.14(C)(4), applies when "multiple prison terms are imposed on an offender for convictions of multiple offenses." In 14 CR 069, the court sentenced Olp on only one offense, the OVI, with no specification. Olp was ordered to serve 120 mandatory days plus an additional three years on that same offense, as permitted by R.C. 4511.19(G)(1)(e)(ii) ("The court may impose a prison term in addition to the mandatory prison term" provided that "[t]he cumulative total of a one hundred twenty-day mandatory prison term and the additional prison term for the offense shall not exceed five years"). Thus, there are no grounds to resentence Olp in Case No. 2014 CR 069.

**{¶23}** Based on the foregoing, we remand this matter for the limited purpose of the trial court in Case No. 2014 CR 068 issuing a nunc pro tunc entry incorporating the pertinent findings from the sentencing hearing, as discussed above.

**{¶24}** The sole assignment of error is without merit.

8

**{¶25}** For the foregoing reasons, Olp's sentence in Case No. 2014 CR 069 is affirmed. Olp's sentence in Case No. 2014 CR 068 is affirmed but the matter is remanded for the issuance of a nunc pro tunc entry to correct the court's clerical error, consistent with this opinion. Costs to be taxed against appellant.

TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.