[Cite as *State v. Drought*, 2017-Ohio-1415.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**


STATE OF OHIO,                    :         **O P I N I O N**

        Plaintiff-Appellee,        :

        - vs -                          :         **CASE NO. 2016-A-0060**

STEVEN S. DROUGHT,            :

        Defendant-Appellant.      :


Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CR 00393.

Judgment: Affirmed.


*Nicholas A. Iarocci*, Ashtabula County Prosecutor, *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Margaret L. Brunarski*, Ashtabula County Public Defender, 4817 State Road, Suite #202, Ashtabula, OH 44004 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.


{¶1}   Appellant, Steven S. Drought, appeals his sentence following his guilty plea to attempted felonious assault, a third-degree felony. We affirm.

{¶2}   In July of 2015, Daniel Luyando was driving at a high rate of speed on the street where Drought and his family lived. Drought believed his young children were in danger as a result. Drought and other neighbors were upset upon learning that the

police stopped Luyando, but let him go. The police told the neighbors to go home. Instead of going home, Drought and another man got into their separate vehicles and chased down Luyando causing a collision that resulted in damage to Luyando's car and a mailbox. No one sustained physical injuries. Drought admitted his involvement in the collision and told the court that he did not intend to cause injury or harm, but that he wanted to give Luyando "a piece of his mind." Drought was initially charged with felonious assault.

{¶3} During the pendency of the charges, Drought's bond was revoked and a warrant was issued for his arrest after he failed to appear at a pretrial. His counsel explained that Drought thought the pretrial was not going forward and that his absence was due to this misunderstanding.

{¶4} Drought ultimately pleaded guilty to attempted felonious assault, and the trial court sentenced him to 18 months in prison, among other things.

{¶5} He raises one assigned error:

{¶6} "The trial court erred by sentencing the Defendant-Appellant to eighteen months in prison without considering statutorily-required sentencing factors."

{¶7} R.C. 2953.08(G)(2) states:

{¶8} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶9} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for

2

review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶10} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶11} "(b) That the sentence is otherwise contrary to law."

{¶12} "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015–Ohio–4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014–Ohio–1520, ¶ 13. When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts 'may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.' *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶23." *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14.

{¶13} Appellant concedes that his sentence is within the statutory range. Nevertheless, he claims his sentence is contrary to law because the sentencing court failed to consider and apply R.C. 2929.11 and 2929.12.

**{¶14}** Pursuant to R.C. 2953.08(G)(2) and *State v. Marcum*, 146 Ohio St.3d 516, we cannot vacate or modify Drought's sentence unless we clearly and convincingly find that the record does not support his sentence. *Id.* at ¶23-24.

**{¶15}** R.C. 2929.12(A) provides that in imposing a sentence for a felony offender, a sentencing court *shall* consider the R.C. 2929.12 seriousness factors, recidivism factors, and the offender's service in the armed services, if applicable, and any other relevant factors. *Id.* It is not required, however, to state its application of the factors to demonstrate that it considered them. *State v. Arnett,* 88 Ohio St.3d 208, 215, 2000-Ohio-302, 724 N.E.2d 793; *State v. Webb,* 11th Dist. Lake No. 2003–L–078, 2004-Ohio-4198, 2004 WL 1778852, ¶10. "A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *State v. Adams,* 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus (1988). And the burden is on the defendant to present evidence to rebut the presumption that the court considered the sentencing factors. *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, 19 N.E.3d 981, ¶79, citing *State v. Cyrus*, 63 Ohio St.3d 164, 586 N.E.2d 94 (1992).

**{¶16}** Here, Drought argues his sentence is contrary to law because the court failed to consider the factors weighing in his favor upon fashioning his sentence. He asserts he took responsibility for his actions, had no juvenile record, and had never been to prison. He also emphasizes that the victim induced the offense.

**{¶17}** At sentencing, his attorney asked for community control sanctions with a term of intensive outpatient treatment in lieu of prison. Drought's presentence investigation report confirms his illicit drug use. The prosecutor indicates at sentencing that she will agree with the recommendation made in Drought's presentence

4

investigation, noting that he has a family to care for and that it appears that he is in need of treatment. The presentence investigation report, however, does not recommend a sentence.

{¶18} In imposing sentence, the court emphasized that Drought took the law into his own hands by acting as a vigilante. The court also noted that Drought failed to appear for a hearing, which resulted in his bond revocation, and that prison was required to deter him from committing future offenses. The court stated it considered the purposes and principles of R.C. 2929.11 and the factors listed in R.C. 2929.12.

{¶19} Furthermore, the presentence investigation reflects that he has prior convictions for possession of drug paraphernalia, theft, and aggravated disorderly conduct. It also states that Drought has 22 prior traffic convictions and 16 prior license suspensions. Thus, we do not find by clear and convincing evidence that that the record does not support his sentence, and as such, his sentence is not contrary to law.

{¶20} Drought's sole assigned error lacks merit, and the trial court's judgment is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.