[Cite as *State v. Watters*, 2017-Ohio-5635.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0068** |
| MATTHEW M. WATTERS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2015 C 000141.

Judgment: Affirmed.


*James R. Flaiz*, Geauga County Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Matthew W. Weeks*, Carl P. Kasunic Co., L.P.A., 4230 State Route 306, Building I, Suite 300, Willoughby, OH 44094 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Matthew M. Watters, appeals his ten-year sentence after pleading guilty to three felonies. We affirm.

{¶2} In August 2015, appellant was indicted on nine felonies and one misdemeanor. The charges arose from appellant's attempt to flee from two undercover police officers after an unplanned meeting at a Geauga County residence. The chase began when appellant drove his car a short distance across a lawn while an officer was

reaching into the window of appellant's driver's door attempting to take the keys. After appellant was in custody, the police found a firearm and heroin. Appellant admitted he went to Geauga County to sell illegal drugs.

{¶3} Three months after indictment, appellant pleaded guilty to one count of possession of heroin, a second-degree felony under R.C. 2925.11(A) & (C)(6), one count of having a weapon under disability, a third-degree felony under R.C. 2923.13(A)(3), and one count of failure to comply with a police officer's order or signal, a third-degree felony under R.C. 2921.331(A) & (C)(5). The remaining charges were dismissed. At the plea hearing, appellant was fully advised of the ramifications of his guilty plea.

{¶4} Sentencing was deferred pending a presentence investigation and submission of sentencing briefs. The trial court held a sentencing hearing. Thereafter, the court imposed a five-year prison term for possession of heroin, a 30-month prison term for having a weapon under a disability, and a 30-month prison term for failure to comply, consecutive, for an aggregate term of ten years.

{¶5} Appellant did not timely appeal. However, four months after the sentencing, appellant moved this court for leave to file a delayed appeal. We granted that motion and appointed counsel to represent him.

{¶6} Appellate counsel submitted an "Anders" brief asserting he was unable to find any prejudicial errors in the trial proceedings. Based upon this, counsel moved for leave to withdraw. However, as part of the Anders brief, counsel noted two potential assignments of error.

{¶7} "In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967), the United States Supreme Court outlined the proper steps to be followed in this

situation: (1) counsel should act in the role of active advocate for his client; (2) counsel should support his client to the best of his ability; (3) if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; (4) the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; (5) counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points he chooses; (6) the court, not counsel, proceeds and decides whether the case is frivolous after full examination of all the proceedings. *Id.* at 744." *State v. Spears*, 11th Dist. Ashtabula No. 2013-A-0027, 2014-Ohio-2695, ¶5.

**{¶8}** Upon reviewing the Anders brief, this court granted appellant leave to file a supplemental brief raising any additional arguments for our review. No brief was filed. Accordingly, this appeal proceeds solely upon the two potential assignment of errors raised in the Anders brief:

**{¶9}** "1. The trial court's sentence violates appellant's constitutional rights since the trial court based its sentence, in part, on assertions not based on criminal convictions, pleas, or appellant's history.

**{¶10}** "2. Appellant was denied his constitutional right because he received ineffective assistance of counsel."

**{¶11}** Under his first assignment, appellant contends that his ten-year sentence must be reversed because, during the sentencing hearing, the trial court referenced matters that were irrelevant to determining the length of his sentence. First, the trial court referenced a physical altercation appellant had with someone in the county jail while awaiting trial in this case. Second, the court referenced that, on the date of the underlying incident, appellant had driven to Geauga County for the express purpose of

3

trafficking heroin.

{¶12} Even assuming that consideration of the referenced matters were improper, appellant was not prejudiced. First, neither referenced matters were belabored in the court's analysis. Second, and more importantly, there was other significant information upon which the court justifiably relied upon in imposing sentence.

{¶13} Specifically, this case was the fourth criminal proceeding against appellant in a four-year period. First, in December 2011, he was convicted of a third-degree felony drug crime in Cuyahoga County, Ohio. Second, while the underlying action was pending, he was indicted on a separate drug offense in Cuyahoga County. Third, approximately eighteen months before the filing of the underlying action, appellant was involved in another altercation with the police that led to a high-speed car chase. Appellant also had a loaded firearm during the incident. As a result, he was indicted on eight charges, including aggravated menacing, failure to comply, carrying a concealed weapon, and having a weapon while under a disability. These charges were pending against appellant when he was convicted in this case.

{¶14} In determining the length of a defendant's sentence, a trial court can consider his prior criminal history and other pending crimes for which he has been arrested. *See* R.C. 2929.12(D)(1) & (2); *State v. Donkers*, 170 Ohio App.3d 509, 2007-Ohio-1557, 867 N.E.2d 903, ¶170 (11th Dist.). Twice in a two-year period, appellant placed the physical well-being of police officers in jeopardy by trying to elude apprehension. Furthermore, in both instances, he was carrying a loaded firearm while under a disability. Additionally, in the underlying case, appellant's 17-year-old sister was in the vehicle. These points are sufficient to show that appellant poses a serious threat to the general public and is highly likely to committed future crimes unless he is

4

incarcerated.

{¶15} A felony sentence will be deemed contrary to law if the trial court failed to consider the purposes and principles of felony sentencing under R.C. 2929.11 and the sentencing factors delineated in R.C. 2929.12. *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14. However, in regard to R.C. 2929.12, a trial court is not required to state its analysis of the sentencing factors on the record; when the record is silent, it is presumed that the statutory factors were considered. *State v. Drought*, 11th Dist. Ashtabula No. 2016-A-0060, 2017-Ohio-1415, ¶15. If there is no dispute that the trial court considered R.C. 2929.11 and 2929.12, an appellate court can vacate or modify the sentence under R.C. 2953.08(G)(2) when if finds by clear and convincing evidence that the record does not support the sentence. *Price* at ¶14 .

{¶16} Here, appellant does not dispute that the trial court considered the required purposes, principles, and factors governing felony sentencing under the two statutes. Furthermore, even if the trial court erred in considering the two items cited by appellant, there is other ample evidence supporting the imposition of a ten-year aggregate sentence. As the imposed sentence was not contrary to law, the first potential assignment is without merit.

{¶17} Under his second assignment, appellant asserts he was denied effective assistance of trial counsel because his attorney was unaware that any term imposed on the "failure to comply" offense had to be served consecutively to the terms on the other two offenses. Appellant notes that in the sentencing brief filed on his behalf, his attorney argued for concurrent terms on all charges.

{¶18} The sentencing brief, however, was filed after appellant entered his guilty plea. During the plea hearing, the trial court told appellant that it is mandatory that the

5

sentence on the "failure to comply" charge would be served consecutively. Thus, any deficiency in the sentencing brief had no effect upon the validity of the guilty plea. To this extent, the ineffective assistance argument fails because there was no prejudice. *See State v. David*, 11th Dist. Ashtabula No. 2016-A-0029, 2017-Ohio-1102, ¶21. The second potential assignment of error is likewise without merit.

{¶19} As part of the Anders brief, appellate counsel raises issues pertaining to a motion to withdraw the guilty plea filed in the trial court after sentencing. Because this appeal is from sentencing judgment, not the later issued judgment overruling his motion to withdraw, arguments relating to that ruling are not before us.

{¶20} Last, having independently reviewed the entire record, we find no other potential issues for consideration.

{¶21} The judgment of the Geauga County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.

6