[Cite as *State v. Price*, 2017-Ohio-533.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104341**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHRISTIAN PRICE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-558932-A

**BEFORE:** Keough, A.J., E.A. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 16, 2017

**ATTORNEY FOR APPELLANT**

Kathleen Amerkhanian
Kryszak & Associates Co., L.P.A.
5330 Meadow Lane Court, Suite A
Sheffield Village, Ohio 44035


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Christian Price ("Price"), appeals his sentence. For the reasons that follow, we affirm his sentence as imposed.

{¶2} In Cuyahoga C.P. No. CR-11-549930, a jury found Price guilty of rape, kidnapping, and telecommunications harassment, and the trial court sentenced him to six years incarceration; Price appealed. *See State v. Price*, 8th Dist. Cuyahoga No. 98410, 2013-Ohio-1542 ("*Price I*").

{¶3} While *Price I* was pending on appeal, Price was tried before a jury on unrelated charges of telecommunications harassment, rape, kidnapping for the purpose of terrorizing the victim, and kidnapping for the purpose of engaging in sexual activity, all with sexual motivation and sexually violent predator specifications. *See* Cuyahoga C.P. No. CR-12-558932. The charges arose out of events that occurred several months after the offenses charged in *Price I*.

{¶4} That case was assigned to the same judge as in *Price I*. The telecommunications charge was dismissed during trial, and the jury found Price not guilty of rape and kidnapping for the purpose of terrorizing the victim, but guilty of kidnapping for the purpose of engaging in sexual activity, a first-degree felony. This conviction also included a sexual motivation specification.

{¶5} Trial on the accompanying sexually violent predator specification was held to the bench. Based on Price's rape and kidnapping convictions in *Price I*, the trial court found him guilty of the sexually violent predator specification. Accordingly, pursuant to

R.C. 2971.03(A)(3)(b)(ii), the trial court imposed the mandatory sentence of ten years to life in prison, to be served consecutive to the six-year prison term in *Price I*. Again, Price appealed. *See State v. Price*, 8th Dist. Cuyahoga No. 99058, 2013-Ohio-3912 ("*Price II*").

{¶6} While *Price II* was pending on appeal, this court reversed Price's rape and kidnapping convictions in *Price I* and remanded the matter to the trial court for a new trial on those charges.

{¶7} Subsequently, in *Price II*, this court affirmed Price's kidnapping conviction, including both the sexual motivation and sexually violent predator specifications. Although Price argued on appeal in *Price II* that his conviction on the sexually violent predator specification should be vacated because it was based on his convictions in *Price I*, which by that time had been reversed although retrial had not yet been had, this court declined to decide the issue, concluding that Price's argument would be better addressed in a petition for postconviction relief after his retrial in *Price I*. *Price II* at ¶ 59.

{¶8} After retrial and acquittal of the rape and kidnapping offenses in *Price I*, Price filed a petition for postconviction relief and a new trial in Cuyahoga C.P. No. CR-12-558932 (*Price II*), requesting a new trial on the sexually violent predator specification attached to his kidnapping conviction. In light of the acquittals in *Price I*, the state conceded that Price was entitled to a new trial on the sexually violent predator specification. Price waived his right to a jury, and the matter proceeded to a bench trial. After a trial, the trial court found him not guilty of the specification.

**{¶9}** The court then resentenced Price to seven years incarceration on the kidnapping conviction in *Price II* and advised him of postrelease control and his reporting requirements as a Tier II sexual offender.

**{¶10}** Price appealed his sentence in *Price II* contending that the sentencing judge was biased, vindictive, and failed to comply with Ohio sentencing provisions. *State v. Price*, 2016-Ohio-591, 60 N.E.3d 481 (8th Dist.) ("*Price III*"). Although this court rejected his argument that the sentence imposed was a result of bias or vindictiveness by the trial judge, this court found that the

> trial court made no reference during sentencing to the statutory sentencing criteria and gave no indication that it had considered those criteria. Likewise, the sentencing journal entry contains no statement indicating that the trial court considered the purposes and principles of sentencing and the seriousness of Price's conduct and the recidivism factors when it imposed his sentence.

*Price III* at ¶ 29. Accordingly, this court again reversed Price's sentence and remanded the matter for resentencing.

**{¶11}** At resentencing, the trial court acknowledged that it did not previously address the mandates of R.C. 2929.11 and 2929.12. Thereafter, the trial court considered statements by the prosecution and mitigating statements by defense counsel, Price's mother, and Price. After addressing the purposes of felony sentencing in R.C. 2929.11 and discussing the applicable recidivism and seriousness factors found in R.C. 2929.12, the trial court imposed the original seven-year sentence on the kidnapping charge.

**{¶12}** Price now appeals, raising two assignments of error.

{¶13} Price contends in his first assignment of error that his sentence is contrary to law and violates his rights to due process under the U.S. Constitution, Amendments IV and V, and the Ohio Constitution, because the trial court failed to follow the underlying purposes of felony sentencing as evidenced by its misinterpretation of the felony sentencing guidelines in R.C. 2929.11 and its misapplication of the seriousness and recidivism factors contained in R.C. 2929.12.

{¶14} Appellate review of felony sentences is governed by R.C. 2953.08, which provides that when reviewing felony sentences, this court may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings, if applicable, or the sentence is contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**{¶15}** In this case, Price was convicted of kidnapping, a first-degree felony, and was sentenced to serve seven years in prison for the offense. The seven-year sentence is within the statutory range for a first-degree felony. *See* R.C. 2929.14(A)(1). Therefore, the prison term itself is not contrary to law.

**{¶16}** Additionally, the record reflects that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism sentencing factors in R.C. 2929.12.

**{¶17}** The trial court's journal entry of sentence states, "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." These statements alone are sufficient to satisfy the trial court's obligations under the law and this court's remand order. *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9. The trial court is not required to make any findings in support of the factors contained in R.C. 2929.11 or 2929.12. *See, e.g., State v. Gay*, 8th Dist. Cuyahoga No. 103641, 2016-Ohio-2946, ¶ 23.

**{¶18}** Nevertheless, the trial court thoroughly discussed the purposes and principles of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors contained in R.C. 2929.12. Although not required to do so, the trial made specific findings regarding the seriousness and recidivism factors. Specifically, the trial court found that the psychological injuries suffered by the victim were exacerbated by the victim's relatively young age, and that Price used his relationship with the victim to

facilitate the offense. Accordingly, the trial court concluded that Price's conduct was more serious than conduct normally constituting the offense.

{¶19} As for recidivism factors, the court found that Price was under indictment for a similar, yet unrelated, offense when he committed the kidnapping offense, and that Price showed no genuine remorse. The trial court stated that it weighed those factors against the fact that Price had no prior juvenile adjudications, no serious prior convictions, and that he led a relatively law-abiding life for a significant number of years. Despite these competing factors, the trial court found that a seven-year sentence for Price's kidnapping offense with a sexual motivation specification was warranted based on the facts and circumstances surrounding the offense.

{¶20} Price asserts on appeal that his sentence is contrary to law because the trial court misapplied the seriousness and recidivism factors. Essentially, Price contends that the trial court did not weigh the factors in his favor. "The weight to be given to any one sentencing factor is purely discretionary and rests with the trial court." *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 10, citing *State v. Torres*, 8th Dist. Cuyahoga No. 101769, 2015-Ohio-2038, ¶ 11. A lawful sentence "cannot be deemed contrary to law because a defendant disagrees with the trial court's discretion to individually weigh the sentencing factors. As long as the trial court considered all sentencing factors, the sentence is not contrary to law and the appellate inquiry ends." *Ongert* at ¶ 12.

**{¶21}** Accordingly, based on the record before this court, we find that the trial court complied with our mandate, considered the factors contained in R.C. 2929.11 and 2929.12, and imposed a sentence after weighing those factors as it deemed appropriate. Price's assignment of error is overruled.

**{¶22}** In his second assignment of error, Price contends that his sentence is contrary to law because the trial court exhibited vindictiveness and bias during the resentencing hearing.

**{¶23}** In *Price III*, this court concluded that the trial court did not exhibit bias toward Price in resentencing him to seven years on the kidnapping offense, which included a sexual motivation specification. Additionally, this court found no presumption of vindictiveness because the sentence was within the statutory range for a first-degree felony, and it was a lesser sentence than the originally imposed ten-year sentence. *Price III* at ¶ 16 and 21. This court's conclusions in *Price III* apply equally to Price's arguments in this appeal attempting to re-challenge the trial court's demeanor toward him during resentencing.

**{¶24}** In complying with our mandate in *Price III*, the trial court properly engaged in the requisite analysis and considered the factors of R.C. 2929.11 and 2929.12. The trial court, after making the appropriate findings, ordered Price to serve the seven-year sentence that was previously imposed. Nothing in the record indicates the court acted with bias or was vindictive.

**{¶25}** Price's second assignment of error is overruled.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 2 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR