[Cite as *State v. Smith*, 2018-Ohio-789.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0052** |
| SEAN JEFFERY SMITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2016 CR 0562.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Mandy J. Gwirtz*, Mandy Gwirtz, LLC, 20050 Lakeshore Boulevard, Euclid, OH 44123 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Sean Jeffery Smith, appeals from the July 31, 2017 judgment entry of the Ashtabula County Court of Common Pleas, sentencing him to nine months in prison following appellant's guilty plea to a fifth-degree felony. We affirm the trial court's judgment.

{¶2} In November 2016, appellant was indicted on two felonies: tampering with evidence and aggravated possession of drugs. The charges stem from an encounter

between appellant and Ashtabula Township police officers in a gas station parking lot. While the officers were arresting appellant on an outstanding warrant, appellant placed something on the hood of a nearby vehicle. The item was a container that held a coffee filter and substances that later tested positive for methamphetamine.

{¶3} Appellant pled guilty on June 19, 2017, to aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11(A)(C)(1)(a). The trial court accepted the plea, and the remaining charge was dismissed. The court deferred sentencing pending completion of a pre-sentence investigation report.

{¶4} A sentencing hearing was held on July 31, 2017. Defense counsel requested community control sanctions; the prosecutor asked for nine months in prison. The trial court imposed a nine-month prison sentence for aggravated possession of drugs and journalized the entry that same day.

{¶5} Appellant filed a timely notice of appeal and raises the following assignment of error for our review:

{¶6} "The trial court erred by sentencing the defendant-appellant to a nine month prison term."

{¶7} Under his sole assignment of error, appellant argues his nine-month prison sentence is contrary to law and not supported by the record.

{¶8} Our standard of review is set forth in R.C. 2953.08(G)(2):

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not

2

whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶9} "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14 (citations omitted). "'When a sentence is imposed solely after the consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law"'" only if the appellate court clearly and convincingly finds that the record does not support the sentence. *Id.* at ¶18, quoting *Price*, *supra*, at ¶14, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶10} Appellant could have received a potential maximum prison term of 12 months and a fine of not more than $2,500.00. *See* R.C. 2929.14(A)(5) and R.C. 2929.18(A)(3)(e). Therefore, the trial court's imposition of a nine-month prison term without a fine is within the statutory range. Additionally, the trial court considered the purposes and principles of felony sentencing, found in R.C. 2929.11, and the seriousness and recidivism factors, found in R.C. 2929.12, prior to imposing sentence. The court

3

specifically referenced these statutes in the sentencing entry and discussed applicable sentencing factors found in R.C. 2929.12 during the sentencing hearing.

{¶11} Because appellant's prison term is not contrary to law, we must consider whether the sentence is clearly and convincingly not supported by the record. *See Wilson*, *supra*, at ¶20; *Marcum*, *supra*, at ¶23. In doing so, we keep in mind that the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. DelManzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶12} Appellant asserts there are no factors in R.C. 2929.12 that make his offense more serious and that the trial court ignored or discounted factors in R.C. 2929.12 that made his behavior less serious.

{¶13} Appellant is correct that none of the "more serious" factors found in R.C. 2929.12(B) apply to his conduct. Appellant is not correct, however, that the trial court failed to consider applicable "less serious" factors found in R.C. 2929.12(C). Specifically, the trial court acknowledged that no one was physically injured by appellant's conduct.

{¶14} Additionally, the trial court applied the recidivism factors found in R.C. 2929.12(D) & (E). The trial court acknowledged appellant's lengthy history of juvenile delinquency adjudications and adult criminal convictions, including drug offenses committed subsequent to the charges at hand, which indicate appellant is likely to commit future crimes. The trial court also stated, however, that it chose not to impose the maximum sentence because appellant had accepted responsibility for his conduct.

4

{¶15} The trial court's findings are supported by the transcript and the pre-sentence investigation report. Appellant has failed to show that his sentence is clearly and convincingly not supported by the record.

{¶16} Appellant's sole assignment of error is without merit.

{¶17} The judgment of the Ashtabula County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.