[Cite as *State v. Stewart* , 2018-Ohio-1678.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO.  2017-T-0063** |
| KENYEL OTIS STEWART, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2016 CR 00772.

Judgment: Affirmed and remanded.

*Dennis Watkins*, Trumbull County Prosecutor; *Michael A. Burnett* and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1}     Appellant, Kenyel Otis Stewart, appeals from the June 7, 2017 sentencing entry of the Trumbull County Court of Common Pleas.  Appellant takes issue with the trial court's imposition of consecutive sentences.  For the following reasons, the judgment of the trial court is affirmed and remanded.

{¶2}   On November 7, 2016, appellant was indicted by the Trumbull County grand jury on one count of Possession of Heroin, a fifth-degree felony, in violation of R.C. 2925.11(A) & (C)(6)(a).

{¶3}   A jury trial was held May 15 through May 16, 2017.  The following are uncontested facts gathered from the record.

{¶4}   Appellant was incarcerated at the Trumbull Correctional Institution at the time of the incident giving rise to the charge.  On December 20, 2015, Corrections Officer Travis Patchin detected an odor of marijuana coming from appellant's cell as he was making his rounds.  Officers searched appellant and found he was concealing a bag of contraband in his mouth.  Testing revealed the bag contained 0.143 grams of heroin.

{¶5}   Sergeant Seth Howard testified he investigated the incident and interviewed appellant.  Sergeant Howard testified that during the interview "[appellant] stated that he likes to get high.  He did a line of heroin.  He paid $30.00 for the heroin.  He would not give up the information as to where the heroin came from[.]"

{¶6}   Appellant testified he had a difficult childhood and was raised around drugs. Appellant stated he had numerous "run-ins" with the law and was charged with his first drug-related offense when he was 18 years old.  He admitted that a drug-related incident was the reason he was incarcerated when he committed the instant offense.  Appellant further admitted he was using drugs on the morning corrections officers found the bag of heroin in his mouth.  Appellant explained he was using the drugs during a moment of weakness; his step-father, who was a father figure to appellant, had recently passed away, and he had also recently learned someone close to him had been shot in the head.

2

{¶7} Appellant testified he wanted to get treatment after the incident because he did not want to be part of the heroin epidemic when he was released. Appellant explained the reason he refused to disclose who had given him the heroin was because sharing that information could have put him in harm's way. Appellant testified he was not disputing he was using drugs but wanted to explain his side of the story and the background leading up to his actions.

{¶8} Appellant was convicted, and the trial court ordered a presentence investigation ("PSI"). Prior to sentencing, the state submitted a sentencing memorandum, in which it recommended the trial court sentence appellant to 12 months in prison to be served consecutive to the sentence appellant was serving at the time of the incident. The state noted appellant had a long criminal history, including convictions for attempted robbery, drug possession, and two counts of intimidation, and appellant was incarcerated at the time of the instant offense.

{¶9} A sentencing hearing was held June 5, 2017. The trial judge addressed appellant, stating:

> * * * I think your attorney, not that I didn't already know from the record check in here, but your record is at least the length that your counsel indicated. And in and of itself, for somebody your age, that's a relatively significant record. But the thing the Court is really bothered by is, people commit crimes and for whatever reasons go back and commit other crimes, that happens, background, who they associate with, all of those things. But when you were incarcerated the first time as an adult, you didn't learn. And the second - - this time when you were incarcerated, you chose to commit another felony while being incarcerated for other offenses you had which, to me, is the most obvious sign of somebody not learning that when you commit crimes, you know, there are consequences to it.

Appellant was sentenced to 12 months in prison to run consecutive to the sentence appellant was serving in Cuyahoga County case No. CR14582875. The trial court made

3

the following findings on the record: "[T]he Court makes the finding that it's necessary to punish the offender and protect the public from future crime. And not disproportionate to the conduct danger imposed. And additionally that your criminal history demonstrates that consecutive sentences are necessary to protect the public."

{¶10} The entry on sentence was filed June 7, 2017. The trial court made the following findings in the entry: "[T]he Court finds that consecutive service is necessary to protect the public from future crime and to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public."

{¶11} On July 6, 2017, appellant filed a notice of appeal. Appellant asserts one assignment of error, which states:

{¶12} "The trial court erred by imposing consecutive sentences upon appellant."

{¶13} We generally review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2), which states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

4

{¶14} "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14. Appellate courts ""may vacate or modify any sentence that is not clearly and convincingly contrary to law"" only when the appellate court clearly and convincingly finds that the record does not support the sentence. *Id.*, quoting *Price*, supra, at ¶14, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶15} Appellant does not contend his sentence was contrary to law but argues the trial court's findings for the imposition of consecutive sentences are not clearly and convincingly supported by the record.

{¶16} Except as provided in, inter alia, R.C. 2929.14(C), prison sentences are to be served concurrently. R.C. 2929.41(A). Pursuant to R.C. 2929.14(C)(4), a court may require an offender to serve multiple prison terms consecutively if it finds

> that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual

5

that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶17} A trial court must make the statutory findings to support its decision to impose consecutive sentences, but the trial court is not required to engage in a "word-for-word recitation" of the statutory findings. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶29. The trial court is not required to set forth its reasons to support its findings as long as the reasons are discernible from the record. *Id.*

{¶18} "[A] trial court's failure to incorporate the findings required by R.C. 2929.14(C) in the sentencing entry after making those findings at the sentencing hearing does not render the sentence contrary to law." *State v. Aikens*, 11th Dist. Trumbull No. 2014-T-0124, 2016-Ohio-2795, ¶61, citing *Bonnell*, *supra*, at ¶30. While clerical mistakes in the sentencing entry can be corrected via a nunc pro tunc entry, a trial court's failure to make the R.C. 2929.14(C)(4) findings at the sentencing hearing renders the sentence contrary to law, "requiring the vacation of the sentence and a remand to the trial court for resentencing." *Id.*, citing *Bonnell*, *supra*, at ¶36–37.

{¶19} The record reflects the trial court made findings at the sentencing hearing under R.C. 2929.14(C)(4) and R.C. 2929.14(C)(4)(c). The trial court, however, failed to incorporate all of those findings in its sentencing entry. Specifically, at the hearing, the trial court noted that appellant's criminal history made it necessary to protect the public from harm. This finding, however, does not appear in the sentencing entry. Therefore, we must remand this matter for the trial court to issue a nunc pro tunc sentencing entry,

6

incorporating the R.C. 2929.14(C)(4) findings made at the sentencing hearing. *See, e.g.*, *State v. Olp*, 11th Dist. Ashtabula Nos. 2015-A-0033 & 2015-A-0034, 2016-Ohio-3508, ¶19.

**{¶20}** Appellant concedes the trial court "effectively made all of the findings necessary to impose consecutive sentences" but argues there is "nothing surrounding the facts and circumstances" to support the trial court's findings that consecutive sentences are necessary to protect the public from appellant.

**{¶21}** However, the reasons for imposing consecutive sentences are not only discernable from the record but were also stated by the trial court during the sentencing hearing. Appellant's criminal history and the fact he was incarcerated when he committed the instant offense support the trial court's findings. Appellant's argument is not well taken.

**{¶22}** R.C. 2929.14(C)(4)(a) provides that the court may impose consecutive sentences if the offender committed an offense while "awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16 [community residential sanctions], 2929.17 [nonresidential sanctions], or 2929.18 [financial sanctions] of the Revised Code, or was under post-release control for a prior offense." The legislature might consider including in this section the circumstance where the offender committed one or more offenses while incarcerated as a result of a previous conviction. Without the option of imposing a consecutive sentence in that instance, there could be a situation where there would be no repercussions for committing crimes while incarcerated.

**{¶23}** Appellant's sole assignment of error is without merit.

{¶24} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed. The matter is remanded for the trial court to issue a nunc pro tunc sentencing entry consistent with this opinion.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.