[Cite as *State v. Hurd*, 2019-Ohio-327.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO


STATE OF OHIO,                          :        **O P I N I O N**

        Plaintiff-Appellee,         :
                                                 **CASE NO. 2018-G-0157**
    - vs -                              :

PAUL E. HURD,                           :

        Defendant-Appellant.        :


Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2016 C 000112.

Judgment:  Affirmed.


*James R. Flaiz*, Geauga County Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH  44024 (For Plaintiff-Appellee).

*Eric D. Hall*, P.O. Box 232, Medina, OH  44258 (For Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1}  Appellant, Paul E. Hurd, appeals imposition of a 24-month prison term following revocation of community-control sanctions, arguing the term is too lengthy.  He also argues that the trial court erred in failing to consider his unlikeliness to commit future offenses.  We affirm.

{¶2}  Appellant was indicted for operating a vehicle while under the influence of alcohol, failure to stop after an accident, and driving while under a prior license

suspension. The OVI count is a fourth-degree felony based upon specifications of three prior OVI convictions within the preceding six years.

{¶3} Appellant plead guilty to an amended OVI count, that is still a fourth-degree felony. The remaining charges were dismissed.

{¶4} Appellant was sentenced to five years of community control. He was ordered not to consume any alcohol or drugs, not to enter any bar or place that serves alcohol, and to serve 60 days in the county jail.

{¶5} In the first eleven months of community control, appellant was charged with three separate violations, each alleging that he either possessed or consumed alcohol or drugs. Appellant waived the probable cause hearings and admitted all three violations. Community control was continued with additional sanctions. On the first violation, the court imposed 90 additional days in jail. For the second violation, the court ordered appellant to obtain an additional substance abuse evaluation and follow all recommendations. For the third violation, appellant was ordered to complete treatment offered by a veterans medical center.

{¶6} Appellant was also required to wear an alcohol monitoring device. Two months later, appellant removed the monitor. A fourth violation was filed alleging violation of the condition requiring appellant to submit to mandated drug or alcohol tests, and that he again consumed or had possession of alcohol.

{¶7} Appellant waived his probable cause hearing and admitted to tampering with the alcohol monitoring device but denied alcohol consumption. The trial court accepted his admission and denial and proceeded with the penalty determination.

{¶8} Citing appellant's repeated failures to comply with court orders concerning

the consumption of alcohol, the trial court revoked community control and imposed a 24-month prison term.

{¶9} Appellant asserts one assignment of error:

{¶10} "The trial court erred when it sentenced appellant to a period of 24 months incarceration when there was not clear and convincing evidence to support its findings and constituted an abuse of discretion."

{¶11} In challenging the length of sentence, appellant argues that the trial court should have given more weight to the fact that he was recently accepted into a veterans program for alcoholism, was receiving one-on-one counseling, and was attending AA meetings. He also notes that his underlying OVI offense is a non-violent crime not involving physical injury to another person.

{¶12} Appellate review of felony sentencing is governed by R.C. 2953.08(G)(2):

{¶13} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶14} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶15} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

3

**{¶16}** "(b) That the sentence is otherwise contrary to law."

**{¶17}** "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶13. When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶23.' *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14." *State v. Drought*, 11th Dist. Ashtabula No. 2016-A-0060, 2017-Ohio-1415, ¶12.

**{¶18}** "It is important to note 'that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings.' *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, at ¶ 21. 'In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.' *Id.*" *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575, and 25576, 2013-Ohio-5759, 5 N.E.3d 1049, ¶31.

**{¶19}** Appellant does not dispute that his prison term falls within the statutory range for a fourth-degree felony or that the trial court considered the general purposes

4

and principles of felony sentencing. He instead asserts that the trial court *misapplied* the sentencing factors by not giving proper weight to his progress in fighting his addiction to alcohol.

**{¶20}** The trial court's reference to appellant's repeated failure to abstain from alcohol consumption and comply with court orders, however, abundantly supports the sentence. Deference is afforded the trial court in weighing these competing considerations.

**{¶21}** As we cannot "find by clear and convincing evidence that the record does not support the sentence," the judgment is affirmed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.3