[Cite as *State v. Wiggins*, 2019-Ohio-452.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106934**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**KEYVON WIGGINS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-17-614898-A, CR-17-618410-A,
CR-17-618487-A and CR-17-619862-A

**BEFORE:** Keough, J., E.A. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** February 7, 2019

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Eben McNair
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


KATHLEEN ANN KEOUGH, J.:

**{¶1}** Defendant-appellant, Keyvon Wiggins ("Wiggins"), appeals from the trial court's judgment, rendered after his guilty pleas, sentencing him to 15 years in prison. For the reasons that follow, we affirm.

## I.  Background

**{¶2}** Wiggins was involved in a crime spree that began in May 2016 and continued until July 2017. In January 2018, he entered guilty pleas in four cases relating to his offenses as follows.

**{¶3}** In Cuyahoga C.P. No. CR-17-618487, for offenses committed on May 5, 2016, Wiggins pleaded guilty to four counts of aggravated vehicular assault and one count of failure to comply, all felonies of the third degree. Aggravated vehicular assault felonies are classified as "high-tier" third-degree felonies.

{¶4} In Cuyahoga C.P. No. CR-17-618410, for offenses committed on August 10, 2016, Wiggins pleaded guilty to aggravated robbery, a first-degree felony, with a three-year firearm specification, and felonious assault, a second-degree felony.

{¶5} In Cuyahoga C.P. No. CR-17-614898, for offenses that occurred on November 15, 2016, Wiggins pleaded guilty to one count of robbery, a felony of the second degree, with a three-year firearm specification, and one count of carrying a concealed weapon, a fourth-degree felony.

{¶6} In Cuyahoga C.P. No. CR-17-619862, for offenses committed on July 26, 2017, Wiggins pleaded guilty to two counts of felonious assault, a second-degree felony, each with a one-year firearm specification.

{¶7} At sentencing, the court imposed the following sentences.

{¶8} In Cuyahoga C.P. No. CR-17-618487, four years on each of the aggravated vehicular assault convictions, to run concurrent to each other but consecutive to three years on the failure to comply conviction; for a total of seven years.

{¶9} In Cuyahoga C.P. No. CR-17-618410, five years for aggravated robbery, consecutive to the three-year firearm specification; and five years for felonious assault, to run concurrently; for a total of eight years.

{¶10} In Cuyahoga C.P. No. CR-17-614898, four years for robbery, consecutive to the three-year firearm specification; to be served concurrently to twelve months for carrying a concealed weapon; for a total of seven years.

{¶11} In Cuyahoga C.P. No. CR-17-619862, five years on each of the felonious assault convictions, plus one year on the firearm specification, to be served concurrently; for a total of six years.

**{¶12}** The trial court then ordered the six-year sentence in Cuyahoga C.P. No. CR-17-619862 to be served concurrently with the seven-year sentences in Cuyahoga C.P. Nos. CR-17-618487 and CR-17-614898, consecutive to the eight-year sentence in Cuyahoga C.P. No. CR-17-618410, for a total sentence of fifteen years.

**{¶13}** This appeal followed.

## II. Law and Analysis

**{¶14}** In his single assignment of error, Wiggins asserts that his 15-year sentence is not supported by the record. He asks us to modify his sentence to 10 years.

**{¶15}** Appellate review of felony sentences is governed by R.C. 2953.08, which provides that when reviewing felony sentences, this court may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings, if applicable, or the sentence is contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

**{¶16}** Wiggins makes no argument that the record does not support the trial court's statutory findings under R.C. 2929.14(C)(4) regarding consecutive sentences. Nor does he argue that the sentences imposed on the various offenses to which he pleaded guilty fall outside the relevant statutory ranges.

**{¶17}** Instead, Wiggins contends that his 15-year sentence does not comply with the principles and purposes of sentencing as set forth in R.C. 2929.11 and 2929.12 because in

imposing the sentence, the trial court did not consider as mitigating factors his youth, his mental health problems, and his willingness to accept responsibility for his actions. In short, Wiggins contends that the trial court considered only his crimes, and not his personal "characteristics," when imposing sentence, and "the result is a sentence that does not comply with the principles and purposes of sentencing."

{¶18} The purposes of felony sentencing are to protect the public from future crime by the offender, punish the offender, and promote rehabilitation of the offender using the minimum sanctions the court determines accomplishes those purposes without imposing an unnecessary burden on government resources. R.C. 2929.11(A).[1] A sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 9. R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶19} R.C. 2929.12(D)(2) provides that an offender is more likely to commit future crimes if the offender was a juvenile offender or has a history of criminal convictions. R.C. 2929.12(E)(5) indicates that an offender is less likely to commit future crimes if the offender shows genuine remorse for his actions.

{¶20} At sentencing, the trial court heard from defense counsel about Wiggins's mental health treatment, his volunteer work, and his acceptance of responsibility for his actions. The court also heard from a supervisor at the Cuyahoga County jail, apparently a friend of Wiggins's

---

[1]R.C. 2929.11(A) was amended effective October 29, 2018, to include promoting the effective rehabilitation of the offender as a purpose of felony sentencing.

family, who told the court that Wiggins has a large and supportive family, and that the supervisor had seen a positive change in Wiggins in the months he had been in jail.

**{¶21}** However, the presentence investigation report, which the trial court stated it had reviewed prior to sentencing, demonstrated that Wiggins had a juvenile record for offenses that included breaking and entering, trespass, aggravated menacing, and assault. Furthermore, the report indicated that several of the victims of Wiggins's offenses in the cases to which he pleaded guilty were pistol-whipped, and during one incident, Wiggins led police on a high-speed chase that ended only when his vehicle struck another motorist's car, causing significant damage to both vehicles and exposing the occupants of the vehicles to serious injury.

**{¶22}** The seriousness and recidivism factors listed in R.C. 2929.12 are nonexhaustive lists, and the trial court may consider any other relevant factors it deems appropriate. *State v. Theodorou*, 8th Dist. Cuyahoga No. 105630, 2017-Ohio-9171, ¶ 11. Furthermore, the weight to be given to any sentencing factor is purely discretionary and rests with the trial court. *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 20. The trial court apparently determined when it imposed a 15-year sentence that Wiggins's juvenile court record and the nature of his offenses outweighed other factors, including his youth, mental health problems, and willingness to take responsibility for his actions by pleading guilty. Despite Wiggins's argument to the contrary, the record does not demonstrate that the trial court "gave no apparent consideration" to his personal characteristics; it demonstrates that other factors outweighed those characteristics.

**{¶23}** Moreover, the trial court is not required to make any findings in support of the factors contained in R.C. 2929.11 or 2929.12. *Theodorou* at ¶ 9, citing *State v. Gay*, 8th Dist. Cuyahoga No. 103641, 2016-Ohio-2946, ¶ 23. The trial court's journal entry of sentencing

states, "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purposes of R.C. 2929.11." These statements alone are sufficient to satisfy the trial court's obligations under the law. *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶24} In light of the record before the trial court, we cannot find by clear and convincing evidence that the record does not support the sentence or that the sentence is contrary to law. The assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR