[Cite as *State v. Slater*, 2019-Ohio-846.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-T-0052** |
| MARK ANTHONY SLATER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2017 CR 00566.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor; *Charles L. Morrow* and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Mark Anthony Slater, appeals a judgment from the Trumbull County Court of Common Pleas sentencing him to eleven months in prison for one count of Receiving Stolen Property, a fourth-degree felony, for which he entered a plea of guilty on March 12, 2018, and was sentenced on March 30, 2018. We affirm the trial court's judgment.

{¶2} On September 20, 2017, the Trumbull County Grand Jury returned a two-count indictment charging appellant with Receiving Stolen Property and Improperly Handling Firearms in a Motor Vehicle. On October 2, 2018, appellant entered a plea of not guilty at his arraignment on the indictment. On March 12, 2018, appellant appeared with counsel and entered a plea of guilty to an amended indictment charging him with one count of Receiving Stolen Property, a fourth-degree felony, in violation of R.C. 2913.51(A) & (C).

{¶3} A sentencing hearing was held on April 23, 2018. At that time, counsel for appellant asserted various statutory considerations favoring imposition of community control sanctions rather than prison. Among them were appellant's "reformed" status—as he had no felony criminal convictions since 2011—his role as father and primary provider of support for two children, and the seasonal nature of his occupation as a landscaper. The Adult Probation Department, after conducting a presentence investigation, was of the opinion that appellant was not amenable to any available community control sanctions and recommended that he be sentenced to the Lorain Correctional Institution for an amount of time to be deemed appropriate by the court.

{¶4} The trial court considered appellant's arguments, the recommendation of Adult Probation with which the state concurred, and appellant's extensive past criminal history. This included a juvenile record, misdemeanor offenses, and guilty pleas to charges including Kidnapping (F-1), Aggravated Burglary (F-1), Abduction (F-3), Burglary (F-2), and an Aggravated Trespassing (M-1) conviction in 2015, approximately one and one-half years prior.

{¶5} Ultimately, the trial court concluded that "his record between minor spats with the law, offenses of violence and incarceration, additional conviction and then this conviction here, does not spell community control sanctions in my book. Nor does the Probation Department think so either."

{¶6} The trial court sentenced appellant to eleven months in prison and three years on post-release control, subject to time served from August 7, 2017, to August 18, 2017, and from April 23, 2017, until the date of the sentencing entry.

{¶7} Appellant filed a timely notice of appeal and raises the following assignment of error for our review:

{¶8} "The trial court erred by sentencing appellant to an aggregate term of 24 months incarceration as the record does not support such a sentence."

{¶9} Under his sole assignment of error, appellant argues that a sentence of 24 months is contrary to law and not supported by the record.

{¶10} As an initial point, appellant's assignment of error incorrectly states the term of his incarceration as "24 months" instead of the correct term of eleven months. Counsel for appellant filed a notice of typographical error regarding this mistake and confirms that the legal arguments remain the same. Therefore, we move forward to rule on the merits.

{¶11} Our standard of review is set forth in R.C. 2953.08(G)(2):

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may

3

take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶12} "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14 (citations omitted). "'When a sentence is imposed solely after the consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court clearly and convincingly finds that the record does not support the sentence."'" *Id.* at ¶18, quoting *Price*, *supra*, at ¶14, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶13} Appellant does not argue that the court failed to sentence him to a term that was within the permissible range, which is a range of six to eighteen months. R.C. 2929.14(A)(4). Appellant received a prison term toward the middle of that range, with the court balancing the mitigating arguments with his extensive criminal history. Further, the trial court considered the purposes and principles of felony sentencing and the seriousness and recidivism factors. The sentencing entry states that "[t]he Court has considered the record, oral statements, pre-sentence investigation report, and any victim

4

impact statement, as well as the principles and purposes of sentencing under O.R.C. Section 2929.11, and has balanced the seriousness and recidivism factors of O.R.C. Section 2929.12."

{¶14} Because appellant's prison term is not contrary to law, we must consider whether the sentence is clearly and convincingly not supported by the record. *See Wilson*, *supra*, at ¶20; *Marcum*, *supra*, at ¶23. In doing so, we keep in mind that the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. DelManzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶15} Appellant's argument is that the record is unclear as to the reasoning for the sentence. As discussed above, this is far from true.

{¶16} The trial court listened to appellant's arguments for a community control sanction, as appellant acknowledged in his brief. The trial court then explicitly cited appellant's extensive criminal history, dating back to juvenile status; the date of his last offense, one and one-half years prior; the recommendation of Adult Probation; the principles and purposes of sentencing under R.C. 2929.11; and the seriousness and recidivism factors of R.C. 2929.12 in support of its determination of an appropriate sentence.

{¶17} The trial court's findings are supported by the transcript and the recommendation of Adult Probation in the presentence investigation report. Appellant has failed to show that his sentence is clearly and convincingly not supported by the record.

{¶18} Appellant's sole assignment of error is without merit.

5

{¶19} The judgment of the Trumbull County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.