[Cite as *State v. Vanderpool*, 2020-Ohio-1327.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0076** |
| RICHARD W. VANDERPOOL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas.
Case No. 2019 CR 00013.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Seneca Konturas*, P.O. Box 662, Aurora, OH 44202 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Richard W. Vanderpool ("Vanderpool"), appeals from the sentencing entry entered in the Portage County Court of Common Pleas in Case No. 2015-CR-0013, sentencing him on two counts of sexual battery—with each prison term ordered to run consecutively—for a total prison term of five years. Vanderpool's argument is that a judgment entry filed in Case No. 2015-CR-0622, which has not been appealed, is defective. The judgment entry in Case No. 2015-CR-0622, as well as the record in that case, are not properly before this court. Therefore, Vanderpool has failed to make any

argument with regard to the court's judgment entry in Case No. 2019-CR-0013, and we affirm that judgment.

{¶2} On January 4, 2019, Vanderpool was indicted in Case No. 2019-CR-0013. The indictment in that matter alleged several instances of inappropriate sexual conduct between Vanderpool and his minor stepdaughter, including two charges of sexual battery and one charge of rape. The rape charge was ultimately nolled as part of the plea agreement between the parties. On April 9, 2019, Vanderpool pled guilty in Case No. 2019-CR-0013 to counts one and two, each for sexual battery, in accordance with that plea agreement.

{¶3} The sentencing hearing for that matter was held on June 3, 2019. During the hearing, the trial court also heard testimony and ruled on a motion to revoke and modify sanctions on a separate matter in Case No. 2015-CR-0622. Case No. 2015-CR-0622 was not appealed, and that matter is not before this court. At the time of the hearing, Vanderpool was already serving a term in prison for a separate conviction on an unrelated matter. With regard to the present appeal, Vanderpool was sentenced to a term of 36 months on count one and 24 months on count two, to be served consecutively to each other. The trial court specifically found that Vanderpool either lacked remorse for his actions or had blamed the victim in his pre-sentence investigation ("PSI") interview for the sexual conduct alleged. Further, the trial court stated the following on the record at the hearing:

> All right. I have reviewed the PSI. I've certainly listened to the recommendations of counsel and the victim impact information * * * For you, I am definitely finding that a prison sentence is consistent with the purposes and principles of sentencing. Probation is not something that I would consider given the gravity of the violation of this little girl, and especially given the fact that you might think you

2

have accepted responsibility by pleading.  But, quite frankly, what you said in the PSI seems much more consistent with your attitude.

I am going to specifically find these are F3s.  There is no presumption either way, but I am going to find that a prison sentence is consistent with the purposes and principles of sentencing, that in sentencing the Court must first consider protecting the public from future crimes, which absolutely I have considered.  I don't know that having you out in the community is a benefit to anybody right now.  I have to punish you using the minimum sanctions I determine and accomplish those purposes without imposing an unnecessary burden on the state. * * *

After having considered all the relevant seriousness and recidivism factors and weighing those factors, a prison term is absolutely consistent with the purposes and principles of sentencing and you are not amenable to community control sanctions.  I am going to sentence you to * * * three years on Count One in the Ohio Department of Corrections.  I am going to sentence to you [sic] two years on Count Two.  I am going to order that those sentences run consecutively with each other, not concurrently[,] for a total of five years.  I am specifically finding that they are run – they are to be run consecutively to protect the public from future crimes and to punish the Defendant.  And consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger he poses to the public.

I am sentencing you to consecutive sentences because your offenses are part of a course of conduct, and the harm caused is so great or unusual that a single prison term does not adequately reflect the seriousness of that conduct. * * * I am ordering that that sentence run consecutively with the motion to revoke in [Case No. 2015-CR-0622], which was a total of two years. * * *

{¶4} Further, the sentencing entry states, in pertinent part:

The Court considered the purpose of felony sentencing which is to protect the public from future crimes by the Defendant and to punish the Defendant using the minimum sanctions that the Court determines to accomplish those purposes without imposing an unnecessary burden on state or local government resources.

The Court also considered the need for incapacitating the Defendant, deterring the defendant and others from future crime, rehabilitating the Defendant, making restitution to the victim of the offense, the public or both.

3

The Court also considered the evidence presented by counsel, oral statements, any victim impact statements, the Pre-Sentence Report and the defendant's statement.

The Court finds that the Defendant has entered a Written plea of Guilty pursuant to Crim. R. 11 (F) Plea Negotiations to Counts One and Two of the Indictment, charging the Defendant with the offense of "Sexual Battery" felonies of the third degree, and in violation of R.C. 2907.03 A5B.

The Court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the Defendant; that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public. Also, [a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as a part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct.

IT IS THEREFORE ORDERED that the Defendant is sentenced to the Ohio Department of Rehabilitation and Correction to a term of imprisonment of Thirty-six (36) months to be served for the offense in Count One and Twenty-four (24) months, to be served for the offense in Count Two, of which shall run consecutive to one another, and concurrent to the sentence Defendant is presently serving, or until such time as he is otherwise legally released.

{¶5} Vanderpool filed a timely notice of appeal and raises one assignment of error for review.

{¶6} Vanderpool's sole assignment of error states:

THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM, CONSECUTIVE TERMS ON FIFTH DEGREE FELONIES AS CHARGED IN CASE NO. 2015CR0622 AND FURTHER RUNNING THIS SENTENCE CONSECUTIVE TO THE SENTENCE SIMULTANEOUSLY IMPOSED BY THE TRIAL COURT IN CASE NO. 2019CR0013 WITHOUT NOTING THE REQUISITE FINDINGS ON THE RECORD OR JUDGMENT ENTRY.

{¶7} Our standard of review is set forth in R.C. 2953.08(G)(2):

4

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶8} "'A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14 (citations omitted).

{¶9} R.C. 2929.14(A)(3)(a) states: "For a felony of the third degree that is a violation of section * * * 2907.03 * * * of the Revised Code, * * * the prison term shall be a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." Vanderpool's prison terms of 24 months and 36 months contained in the sole sentencing entry being appealed are within the permissible range for sexual assault offenses under R.C. 2907.03(A)(5)(b). The trial court also stated on the record at the hearing and within the sentencing entry that the purposes and principles of felony sentencing were considered. Therefore, the individual sentences are not contrary to law.

5

For that reason, we must consider whether the trial court's findings for imposing consecutive sentencing are clearly and convincingly not supported by the record. *See Wilson*, *supra*, at ¶20.

{¶10} R.C. 2929.41, which governs multiple sentences, provides, in pertinent part: "(A) Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state[.]" Therefore, a presumption exists in favor of concurrent sentencing absent the applicable statutory exception.

{¶11} Pursuant to R.C. 2929.14(C)(4), a trial court may order separate prison terms for multiple offenses be served consecutively only if the court finds it "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" The trial court must also find that one of the following statutory factors applies:

> (a)  The offender committed one or more of the multiples offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} In the matter sub judice, the sentencing entry being appealed contains all the mandatory language required to impose consecutive sentences in this matter. The appropriate considerations were also contained in the transcript of the sentencing hearing. The trial court properly considered the PSI, testimony, and victim statements before determining that consecutive sentences were appropriate under the sentencing statute.

{¶13} Vanderpool's assignment of error fails to acknowledge the entry which is subject of the appeal. Instead, Vanderpool argues that a judgment entry filed in Case No. 2015-CR-0622 is defective. That judgment entry has not been appealed. Therefore, the judgment entry Vanderpool challenges in Case No. 2015-CR-0622, as well as the record in that case, are not properly before this court. Because of this, Vanderpool has failed to make any argument to show the court's findings in Case No. 2019-CR-0013 are clearly and convincingly not supported by the record.

{¶14} Vanderpool's sole assignment of error is without merit.

{¶15} The judgment of the Portage County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.

7